<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0201

STATE OF LOUISIANA

VERSUS

JOHN BENJAMIN COWART

*DATE OF JUDGMENT:*   **NOV** 0 6 **2020**

ON APPEAL FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT
NUMBER 37184, DIVISION D, PARISH OF LIVINGSTON
STATE OF LOUISIANA

HONORABLE WILLIAM J. BURRIS (AD HOC), JUDGE

* * * * * *

Scott Perrilloux
District Attorney
John Gregory Murphy
Serena Birch
Assistant District Attorneys
Livingston, Louisiana

Counsel for Appellee
State of Louisiana

Lieu T. Vo Clark
Mandeville, Louisiana

Counsel for Defendant-Appellant
John Benjamin Cowart

* * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Disposition: CONVICTION AND SENTENCE VACATED; REMANDED FOR A NEW TRIAL.

**CHUTZ, J.**

The defendant, John Benjamin Cowart, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. The defendant pled not guilty and, following a jury trial, was found guilty as charged by an eleven-to-one verdict. The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant's conviction and sentence are vacated, and we remand to the trial court for a new trial.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues the non-unanimous jury verdict violated his Sixth Amendment right to a jury trial, which requires a unanimous verdict.

We note that the defendant did not object to the verdict or challenge the constitutionality of the verdict in the trial court below. The general rule is a party must properly raise constitutional attacks in the trial court, but a recognized exception to that rule is when a statute has been declared unconstitutional in another case. *Unwired Telecom Corp. v. Parish of Calcasieu*, 2003-0732 (La. 1/19/05), 903 So.2d 392, 399 n.5 (on rehearing).

In the recent decision of *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled *Apodaca v. Oregon*,[1] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a

---

[1] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in *Apodaca*, 406 U.S. at 412-13, 92 S.Ct. at 1634. *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with *Apodaca*, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

defendant of a serious offense. The *Ramos* Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. *Ramos*, 140 S.Ct. at 1406. Thus, given the *Ramos* Court's declaration of the unconstitutionality of non-unanimous jury verdicts, the defendant may challenge for the first time on appeal his conviction by a non-unanimous jury verdict rendered pursuant to La. C.Cr.P. art. 782(A).

In the instant matter, the jury polling forms indicate the defendant was convicted by a non-unanimous eleven-to-one verdict. Accordingly, the defendant's conviction and sentence are vacated, and the case is remanded for a new trial.

## DECREE

For these reasons and in accordance with *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), we vacate the conviction and sentence of the defendant, John Benjamin Cowart, and remand the matter for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR A NEW TRIAL.**